FILED

**NOT FOR PUBLICATION**

DEC 23 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAUL JENNINGS, | No. 16-15182 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00840-SAB |
| v. | |
| ALAN AZIZIAN, Chief Psychologist at Coalinga State Hospital; AUDREY KING, Executive Director at Coalinga State Hospital, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding[**]

Submitted December 14, 2016[***]

Before:    WALLACE, LEAVY, and FISHER, Circuit Judges.

Paul Jennings appeals pro se from the district court's judgment dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    Jennings consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his 42 U.S.C. § 1983 action arising from his confinement under California's Sexually Violent Predators Act ("SVPA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii). *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005). We affirm.

The district properly dismissed Jennings's action because Jennings failed to allege facts sufficient to show that the SVPA's post-commitment procedures in effect in 2013 deprived him of due process notwithstanding any denial of annual mental health evaluations. *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993) (setting forth elements of a § 1983 procedural due process claim); *see also* Cal. Welf. & Inst. Code § 6608(a) (2013) ("A person who has been committed as a sexually violent predator shall be permitted to petition the court for conditional release with or without the recommendation or concurrence of the Director of State Hospitals."); *id.* § 6608(k) (2013) ("After a minimum of one year on conditional release, the committed person, with or without the recommendation or concurrence of the Director of State Hospitals, may petition the court for unconditional discharge.").

We reject as unsupported by the record Jennings's contention regarding the magistrate judge.

Jennings's motion for appointment of counsel, filed on March 25, 2016, is

denied.

**AFFIRMED.**